Ebancis X. Conlon, J.
In its opinion denying the prior motion for summary judgment, without prejudice to a renewal, the court pointed out that the affidavits submitted by defendant “make no claim that any similar request (to pay an installment about to fall due to the two obligees in separate checks of one half to each of them) was made as to the installment due October 1, 1956 ”. It is the failure to pay this installment which forms the basis of the present action. On the present motion, however, defendant’s president, Friedman, submits photostatic copies of requests by each of the plaintiffs that the installment maturing on October 1, 1956 be paid to each of the respective plaintiffs in separate checks of one half each. Friedman, in the answer (verified by him to the supplemental complaint), alleges that on or about October 1,1956, “ and prior to the commencement of this action, defendant offered payment of $400 to plaintiff, Vigoda, pursuant to its obligation if any to make payment of such an installment” and that “ such offer was refused ”. In the affidavit submitted by him in opposition to the instant motion, Friedman deposes that Vigoda called to see him and he ‘ ‘ offered to give him a check payable to the order of both plaintiffs in the sum of $400 in payment of the October 1st installment of principal and interest, and plaintiff Vigoda refused to accept it.” The plaintiffs did not exercise their option to accelerate the due date of the entire principal *686 until the commencement of this action on January 2, 1957. Until that time defendant could prevent acceleration by paying the amount then due even if the payment was after the expiration of the 15-day grace provided in the extension agreement. Although the affidavit does not specify the date of defendant’s alleged offer, referred to above, in view of the allegation of the answer, verified by Friedman, that it was on or about October 1, 1956, it must be held that the opposing papers establish, prima facie, that the offer was on or about October 1, 1956, and within the grace period. It is true that no such offer was claimed in the papers submitted in opposition to the prior motion and that said papers, fairly construed, gave the impression that defendant did nothing about the $400 installment due on October 1, 1956. Defendant’s present claim of a rejected offer to pay the amount due on or about October 1, 1956 is difficult to believe in the light of the absence of such a claim on the prior motion, but it is not the function of a motion for summary judgment to resolve disputed issues of fact, and this is all the more true in view of the fact that the affidavits in opposition to the earlier application did not affirmatively state that no such offer was made but at most created such an inference. The action is one at law in which defendant is entitled to demand a jury. Unless defendant’s claim of an offer to pay is so incredible that it does not create a triable issue — which is not the case here, in spite of the implausibility of the claim — the claim must be deemed true for the purposes of determining the motion for summary judgment.
Plaintiff asserts that even if it be assumed that the claim is true, it presents no defense to the cause of action for the entire accelerated principal because no formal tender of the $400 by check payable to both plaintiffs was made. The extension agreement, however (like the original bond), lists separate addresses for each of the plaintiffs and fails to specify an address to which payments are to be forwarded. Obviously, defendant was not required to forward a $400 check to each of the plaintiffs and could not forward a single $400 check to both plaintiffs at two different addresses. Assuming that it was ready on October 1, 1956, or during the grace period, to pay the $400, a serious question is presented as to where it was to send the payment in the circumstances, particularly since the plaintiffs owned the bond, not as joint tenants, but as tenants in common (see recital in bond). The alleged statement of Vigoda, in response to defendant’s claimed offer to give him a check of $400, payable to both plaintiffs, that he would refuse to accept it may well be held, in the situation presented, to have *687 excused defendant’s failure to actually tender such a check. The defendant’s liability for the $400 would not be thereby extinguished, but plaintiffs’ right to base acceleration of the entire principal on the failure to pay the $400 might well be excused if it made the offer it claims it made and the offer was refused.
It follows that the motion for summary judgment for the entire amount of principal must be denied. However, since at least $400 is clearly due (the court agrees with the opinion on the prior motion that the other defenses and claims of defendant present no triable issues and that no such other issue is presented on the present application), the situation comes within the provisions of rule 113 of the Buies of Civil Practice, that if the defendant presents no triable issue ‘1 other than the question of the amount of damages for which judgment should be granted, an assessment to determine such amount shall forthwith be ordered for immediate hearing ”. The motion is granted to the extent of directing such an assessment before the court above, or, if defendant has not waived his right to claim a jury, before the court and jury, at Trial Term, Part II.
Settle order.